IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                   Civil Action No. 3:17CV74

INVESTIGATOR BERGER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de*

*Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Particularized Complaint

The action proceeds on Prasad's Particularized Complaint ("Complaint," ECF No. 12). In her Complaint, Prasad names Investigator Berger, Jonathan David Headlee, Hamilton L. Hendrix, Jane "Justice" Carpenter a/k/a Paradox Jane, David Arnold Carpenter, Sean Karn/Kelly Lind, and Sinnamon Love as Defendants. (*Id.* at 1.) To the best of its ability,[2] the Court sets forth Prasad's allegations as follows:

> In or around 2010–2011, Sundari Prasad was kidnapped and held against her will by two Hispanic men in the District of Columbia and held hostage for 4 days (apx.). She was drugged and repeatedly raped [and] sodomized by these two men. D.C. firemen were called to the scene when she found a cellphone in one man's room (she was padlocked in both rooms and could not get out) and they (firemen) had to axe [the] door in. In the room, they found Prasad in disarray, dirty, [and] disheveled – and disoriented. There was a bucket in the room which she was forced to defecate and urinate in for these days. D.C. investigators questioned her at [the] hospital and were overly discriminatory – commenting on her hair, her body, and her knowledge of the Spanish language – all making negative comments, "You must've had a gastric bypass – I can see by all the fat on your arms/legs/etc.;" "Don't butcher my Spanish language" when asked if she spoke fluent Spanish and Prasad tried to demonstrate that she does – but was nervous. All through – the investigators made rude, off-color comments ("Why did you want to leave? X ([] one of the men) brought you food to eat!"). Prasad's mother – Carolyn D. Nelson sent in ex-parte [and] numerous letters to detectives that was/were contrary to the statements made in case [] a missing persons report

---

[2] The Court omits the emphasis and corrects the spelling, capitalization, and punctuation in the quotations from Prasad's Particularized Complaint. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. In some instances, Prasad's Complaint is not legible. The Court makes its best attempt to decipher these words.

was supposedly filed by V. Cheek [and] Carolyn Nelson of which they made a comment to police "You didn't find her dead in a ditch yet?" Sarcastically and C. Nelson's off comment about money and a report for insurance of Prasad. During this time, Nelson got on Prasad's social media (Facebook) asking "friends" where she was and Headlee, Justice, Karn, Love, and Carpenter committed acts of . . . libel/slander, threats, celebrated her rape online, called out names and made monetary bets on if she was going to be found alive etc. Hamilton L. Hendrix harassed Prasad later all throughout custody case on details of rape that she didn't want to divulge – and maligned her as well on social media, etc. – taking video illegally – selling her personal items for profit, etc. for Headlee put coordinates of Prasad's last whereabouts via her IP address and cellphone info online [with] Justice [and] Carpenter and advertised "drunk prostitute for sale," "rape encounters," etc. on Craigslist . . . along [with] Karn [and] Love that would have added to the entire incident

Headlee/Karn [and] Love/Carpenter/Justice cyberstalked and cyberharassed as well as physically stalked Prasad in D.C. and posted photos [and] live online updates via website and social media until her phone died and Prasad was found by fire [department] 4 days later. . . . Investigator Berger was given the case to investigate when she returned to Richmond, Va. In addition – Human Rights Watch . . . conducted an in-depth investigation into her case and 192 others (apx.) that were not processed and a report was presented formally in D.C.

(*Id.* at 1–3.)

Prasad alleges violations of, *inter alia*, the Americans with Disabilities Act ("ADA"), "ex parte," "human rights violations," state law and constitutional violations,[3] several federal statutes,[4] and the First,[5] Fifth,[6] Sixth,[7] Eighth,[8] Ninth,[9] Tenth,[10] Thirteenth,[11] and, Fourteenth[12]

---

[3] Prasad lists Virginia Code sections 8.01–45, 18.2–60.3, and 8.01–49. These sections are "Action for insulting words," *see* Va. Code Ann. § 8.01–45 (West 2018), "Stalking; penalty," *see id.* § 18.2–60.3 (West 2018), and "Defamatory statements in radio and television broadcasts." *See id.* § 8.01–49 (West 2018).

[4] Prasad lists 42 U.S.C. § 411, 42 U.S.C. § 2000d–7, 42 U.S.C. § 2000dd, and 18 U.S.C. § 2252B. These sections are "Definitions relating to self-employment," *see* 42 U.S.C. § 411, "Civil rights remedies equalization," *see id.* § 2000d–7, "Prohibition on cruel, inhuman, or degrading treatment or punishment of persons under custody or control of the United States Government," *see id.* § 2000dd, and "Misleading domain names on the Internet." 18 U.S.C. § 2252B.

[5] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

[6] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

4

Amendments. (*Id.* at 4–10.) Prasad seeks, among other things, "injunctive, declaratory, and monetary relief[]," that this case "be treated as a full criminal case," and that her "identity be changed along with [her] son's." (*Id.* at 11.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although Prasad's Complaint has many legal infirmities, it ultimately will be dismissed as frivolous for falling well outside the applicable statutes of limitations for 42 U.S.C. § 1983 and ADA actions.

---

[7] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[8] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[9] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[10] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

[11] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[12] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

## A. The Applicable Statute of Limitations Bars Prasad's 42 U.S.C. § 1983 Claims

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (West 2018). Thus, Prasad was required to file her Complaint within two years from when the underlying claims accrued.

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 11CV12, 11CV13, 11CV14, 11CV15, 11CV16, 11CV17, 11CV18, 11CV19, 11CV 20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

It is clear from the face of her Complaint that the events of which Prasad complains accrued more than two years before this action was brought. Prasad complains that, after she was "kidnapped" and "held hostage for 4 days (apx.)" in D.C. "in or around 2010–2011," the Defendants failed to thoroughly investigate her kidnapping and/or denigrated, stalked, or made fun of her. (Compl. 1.) Therefore, Prasad was aware, or at the very least was on inquiry notice, that the Defendants committed the alleged various acts no later than the end of 2011. (*See id.*)

6

Thus, Prasad's claims accrued no later than December 31, 2011, meaning she had until December 31, 2013 to file this action. Prasad filed her Complaint in January 2017, three years after the expiration of Virginia's applicable statute of limitations. *See* Va. Code Ann. § 8.01–243(A) (West 2018). Therefore, Prasad's Complaint is untimely on its face,[13] and her 42 U.S.C. § 1983 action is frivolous. *See Nasim*, 64 F.3d at 956 (holding that the district court did not err in dismissing as frivolous an inmate's complaint alleging that asbestos in his cell caused him physical and psychological injuries when the action was filed four years after it accrued and a year after the applicable statute of limitations expired). Prasad's 42 U.S.C. § 1983 Claims will be DISMISSED WITH PREJUDICE.

### B. The Applicable Statute of Limitations Bars Prasad's ADA Claims

Prasad also asserts that at least some of the Defendants violated her rights under the ADA. (*See* Compl. 4.) However, it is unclear from Prasad's Complaint under which Title of the ADA she brings her claims. Because the Court presumes that Prasad intends to cast her Complaint broadly, the Court construes Prasad to allege violations of Title II[14] and/or Title III[15]

---

[13] To the extent that Prasad seeks to bring her 42 U.S.C. § 1983 claims pursuant to the District of Columbia's three-year statute of limitations for personal injury actions, *see Earle v. D.C.*, 707 F.3d 299, 305 (D.C. Cir. 2012), she was required to file her claims no later than December 31, 2014. Because Prasad filed her Complaint in January 2017, her claims are also untimely under the District of Columbia's statute of limitations for § 1983 claims.

In contrast to accrual, whether a 42 U.S.C. § 1983 claim is tolled is a matter of state law. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 486 (1980). However, Prasad does not allege and the Court finds no grounds for tolling the applicable Virginia statute of limitations. *See* Va. Code Ann. § 8.01–229 (West 2018); *Anderson v. Humphres*, No. 1:06CV653 LMB/BRP, 2006 WL 6198680, at *1 (E.D. Va. Dec. 4, 2006). Likewise, Prasad does not allege and the Court finds no grounds for tolling the applicable District of Columbia statute of limitations. *See* D.C. Code Ann. §§ 12–302 through 12–305 (West 2019); *see Earle*, 707 F.3d 299, 309–10 (D.C. Cir. 2012).

[14] Title II states, in relevant part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132.

of the ADA, as well as a claim of retaliation for protected activity under 42 U.S.C. § 12203.[16] However, for the reasons stated below, Prasad's ADA claims, whether they are brought pursuant to Title II, Title III, or considered a claim of retaliation under either Title, are barred by the applicable statute of limitations.

Like 42 U.S.C. § 1983, the ADA does not contain a statute of limitations. *Thorne v. Hale*, No. 1:08CV601 (JCC), 2009 WL 890136, at *4 (E.D. Va. Mar. 26, 2009). Consequently, federal courts "borrow the state statute of limitations that applies to the most analogous state-law claim." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (citations omitted). The United States Court of Appeals for the Fourth Circuit has held that generally, the one-year statute of limitations in the Virginia Rights of Persons with Disabilities Act ("the Virginia Act") applies to ADA claims in Virginia.[17] *Id.* at 348; *see* Va. Code Ann. § 51.5–46 (B) (West 2018). Therefore, Prasad had one year from accrual of her ADA claims to file a Complaint alleging those claims.

---

[15] Title III states, in relevant part, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

[16] 42 U.S.C. § 12203(a) states, in relevant part, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]."

[17] The Court notes that although the Fourth Circuit's reasoning for adopting the Virginia Act as the appropriate analogous state-law was based on the statute's "express pronouncement that regulations promulgated pursuant to the statute 'shall be consistent, whenever applicable,'" with the ADA, *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (citing *A Soc'y Without A Name*, 655 F.3d at 349), the language relied on by the Court has been removed from the statute. *See* Va. Code Ann. § 51.5–40 (West 2018). However, because this Court finds no authority holding a different statute of limitations applies to ADA claims in Virginia, the Court retains the Virginia Act's one-year statute of limitations.

Also like a claim brought under 42 U.S.C. § 1983, when an ADA claim accrues is a matter of federal law. *A Soc'y Without A Name*, 655 F.3d at 348. "A claim accrues when the plaintiff becomes aware of his or her injury, *Kubrick*, 444 U.S. at 123, or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond*, No. 2009 WL 2424084, at *4 (omission in original) (quoting *Nasim*, 64 F.3d at 955). But still, "[i]n order to dismiss a complaint *sua sponte* on the ground that the statute of limitations has expired, the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, 2011 WL 9669470, at *2.

For the same reasons stated above, Prasad's ADA claims accrued no later than December 31, 2011.[18] Thus, under the Virginia Act's statute of limitations, Prasad had until December 31, 2012 to file a Complaint alleging Title II, Title III, and retaliatory violations of the ADA.[19] However, Prasad filed her Complaint in January 2017, four years after the Virginia Act's one-year statute of limitations period expired. Thus, Prasad's ADA claims are facially time-barred.[20]

---

[18] The Court does not find a continuing violation of either 42 U.S.C. § 1983 or the ADA so as to delay accrual of either applicable statute of limitations past 2004. Although Prasad claims she had "flashbacks" while in jail (Compl. 5), "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)); *see A Soc'y Without A Name*, 655 F.3d 342 at 348.

[19] Prasad does not allege and the Court finds no grounds for equitably tolling the applicable statute of limitations. *See Thorne*, 2009 WL 890136, at *6.

[20] "Although Congress enacted a catchall four-year statute of limitations for actions arising under federal statutes enacted *after* December 1, 1990, the ADA was enacted on July 26, 1990." *A Soc'y Without A Name*, 655 F.3d at 347 (citations omitted). Therefore, as a general rule, "the one-year limitations period in the [Virginia Act] applies to ADA claims brought in Virginia." *Id.* at 348. The ADA was amended, however, in 2008. *See* 42 U.S.C. § 12102 (West 2018); *Dickinson v. Univ. of N. Carolina*, 91 F. Supp. 3d 755, 764 (M.D. N.C. 2015). Thus, if Prasad's claims were "made possible" by the ADA Amendments Act (ADAAA) rather than the pre-amendment ADA, she could invoke the four-year statute of limitations. *Dickinson*, 91 F. Supp. 3d at 764. However, Prasad has not pled any facts that allow the Court to infer her claims were made possible by the ADAAA.

*See A Soc'y Without A Name*, 655 F.3d at 348 (finding plaintiff's ADA claims were time-barred under the Virginia Act's one-year statute of limitations period when the action was filed two years after the claims accrued). Accordingly, Prasad's ADA claims will be DISMISSED WITH PREJUDICE as frivolous.[21] *See Neitzke*, 490 U.S. at 325 (explaining that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

### C. The Applicable Statute of Limitations Bars Prasad's Claim under Va. Code Ann. § 8.01–45

Prasad also brings a claim under Virginia Code Section 8.01–45, which authorizes a cause of action for insulting words in Virginia. *See* Va. Code Ann. § 8.01–45 (West 2018). Under Section 8.01–247.1 of the Virginia Code, Prasad had one year from when her insulting words claim accrued to bring the action. *See* Va. Code Ann. § 8.01–247.1 (West 2018). Based on Prasad's allegations, her insulting words claim accrued no later than December 31, 2011. (*See* Compl. 1–2.) Therefore, Prasad had until December 31, 2012 to bring her claim under Virginia Code Section 8.01–45. *See* Va. Code Ann. § 8.01–247.1 (West 2018). Because Prasad did not file her claim until January 2017, her claim is untimely. Accordingly, Prasad's insulting

---

[21] Prasad also attempts to bring claims pursuant to 42 U.S.C. § 411, 42 U.S.C. § 2000d–7, 42 U.S.C. § 2000dd, and 18 U.S.C. § 2252B. (Compl. 5, 7, 9.) Title 42 U.S.C. §§ 411 and 2000d–7, and Title 18 U.S.C. § 2252B do not provide Prasad with a cause of action. Title 42 U.S.C. § 411 simply recites definitions relating to self-employment and Title 42 U.S.C. § 2000d–7 is a waiver of Eleventh Amendment immunity. *See* 42 U.S.C. §§ 411 and 2000d–7. Additionally, Title 18 U.S.C. § 2252B is a criminal statute that penalizes the use of "knowingly us[ing] a misleading domain name on the Internet with the intent to deceive a person into viewing material constituting obscenity." 18 U.S.C. § 2252B. To the extent that Prasad desires to bring a criminal action against any of the named Defendants, she may not do so. Prasad, as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted) ("No citizen has an enforceable right to institute a criminal prosecution."). Finally, the Court finds that Prasad's claim under 42 U.S.C. § 2000dd is meritless because she does not allege she was in the custody of the United States Government. *See Landry v. North Carolina*, No. 3:10–CV–0585–RJC–DCK, 2011 WL 3683231, at *8 (W.D.N.C. Mar. 11, 2011), *adopted by*, No. 3:10–cv–585–RJC–DCK, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011).

words claim will be DISMISSED WITH PREJUDICE as frivolous.[22] *See Neitzke*, 490 U.S. at 325.

### IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAY - 4 2018
Richmond, Virginia

---

[22] Prasad also brings her action pursuant to Virginia Code sections 18.2–60.3, and 8.01–49. (Compl. 6–7.) However, Virginia Code Section 8.01–49 disclaims liability for radio and television broadcast providers who publish defamatory material "in or as a part of any such broadcast" and fails to entitle Prasad to any relief. Va. Code Ann. § 8.01–49 (West 2018). Further, Virginia Code Section 18.2–60.3 is a criminal statute that penalizes stalking. *See id.* § 18.2–60.3. Again, to the extent that Prasad desires to bring a criminal action against any of the named Defendants, she may not do so. *See Linda R.S.*, 410 U.S. at 619; *Lopez*, 914 F.2d at 494. Thus, any attempt to bring a claim based on Virginia Code sections 18.2–60.3 and 8.01–49 is legally frivolous.